2020 IL App (1st) 180824-U

No. 1-18-0824

Order filed January13, 2020

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 CR 17234 |
| | ) | |
| MARVELL WHITE, | ) | Honorable |
| | ) | Charles P. Burns, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE PIERCE delivered the judgment of the court.
Presiding Justice Griffin and Justice Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court did not err in imposing concurrent 11-year sentences for defendant's armed habitual criminal convictions.

¶ 2    Following a jury trial, defendant Marvell White[1] was found guilty of two counts of armed

habitual criminal (AHC) and two counts of unlawful use or possession of a weapon by a felon

---

[1]The notice of appeal and both parties' briefs list defendant's first name as a "Marvell," but the trial transcript and mittimus identify him as "Marvel."

(UUWF). The trial court merged the UUWF counts into the AHC counts, and imposed concurrent terms of 11 years' imprisonment for AHC. On appeal, defendant contends that (1) his sentences are excessive; (2) the trial court erroneously considered his predicate convictions for AHC in aggravation; and (3) the trial court assumed, without proof, that his prior convictions for armed robbery involved firearms. For the following reasons, we affirm.

¶ 3 Defendant was charged by indictment with multiple firearm offenses. The State proceeded on two counts of counts of AHC (720 ILCS 5/24-1.7(a) (West 2016)), and two counts of UUWF (720 ILCS 5/24-1.1(a) (West 2016)). Each AHC count alleged defendant had prior convictions for armed robbery and manufacture or delivery of a controlled substance. The UUWF counts alleged defendant was convicted of possession of a controlled substance.

¶ 4 At trial, Chicago police officers Daniel Jones and Antonio Herrera testified that they responded to a call of individuals with a firearm on the 4100 block of Grenshaw Street, a residential area, on the afternoon of October 27, 2016. They observed three people, including defendant, who had a bulge near his waistband and fled when the officers approached. The officers chased defendant to a viaduct, where he pulled two firearms from his waistband and threw them toward the elevated train tracks. One firearm, a semiautomatic, fell to the street, and the other, a revolver, landed near the tracks. Defendant continued running and was apprehended. The officers recovered both firearms, which were loaded. The State entered a stipulation that defendant had two qualifying felony convictions for AHC and one qualifying felony conviction for UUWF.

¶ 5 Defendant testified that he encountered his brother and his brother's friend near Grenshaw and Keeler Avenue. Defendant grabbed the friend's bag, which contained two firearms, and put them in his pocket. Police officers arrived, the men fled, and defendant tossed the firearms.

According to defendant, he was scared and trying to prevent a crime. On cross-examination, he acknowledged he was a felon and could not possess firearms. In rebuttal, the State entered certified copies of two of his felony convictions.

¶ 6    The jury found defendant guilty of two counts of AHC and two counts of UUWF. The court denied defendant's motion for new trial.

¶ 7    Defendant's presentence investigation (PSI) report showed he was 39 years old at sentencing. His father was shot and killed in 1986, and his mother suffered from drug addiction and mental illness. Defendant was raised by his grandmother and belonged to the New Breed street gang from age 10 to 19. During that time, he regularly consumed alcohol, marijuana, and PCP. He attended substance abuse treatment while incarcerated, but resumed using alcohol when his son died in 2014. Defendant was expelled from high school following an arrest, but obtained a GED, HVAC certificate, and CDL license. From 2008 to 2012, he was self-employed in HVAC. He worked as a delivery driver from January 2013 to March 2014, and began a new delivery job three days before the present offense.

¶ 8    Defendant had seven prior convictions, including armed robbery in case Nos. 97 CR 06546, 97 CR 06547, and 97 CR 06548, for which he received concurrent sentences of 15 years' imprisonment. In 2009, he was convicted of possession of a controlled substance and sentenced to three years' imprisonment. In 2011 and 2014, he was convicted of manufacture or delivery of a controlled substance and domestic battery, respectively, and received terms of probation that were terminated unsatisfactorily. In 2015, he received four years' imprisonment for possession of a controlled substance. In prison, defendant was diagnosed with depression and prescribed

psychotropic medication. He also reported being hospitalized for depression, anxiety, and bipolar disorder at age 13.

¶ 9    In aggravation, the State noted that defendant had been on parole for 24 days when the present offense occurred. The State argued that he had not been rehabilitated, and his possession of two firearms merited an "extended sentence." In mitigation, defense counsel requested the minimum term and submitted that defendant believed he was "helping *** more than hurting" during the incident. Defendant had no disciplinary infractions in jail, worked in the barber shop, and produced letters of support from his family and a sheriff. In allocution, defendant apologized to the Illinois taxpayers, reiterated that he was "trying to stop a crime," and stated that he was taking a class in jail.

¶ 10    The trial court merged the UUWF counts into the AHC counts, and imposed concurrent terms of 11 years' imprisonment for AHC. The court noted defendant was involved in a jail program, and stated it considered his rehabilitative potential alongside the need for incapacitation and deterrence. However, while defendant accepted "some" responsibility, his criminal background, lengthy incarcerations, and failure to complete probation were "very concern[ing]." The court recited each of defendant's prior convictions, and stated it was "extremely concerned" that he had been released on parole shortly before he was arrested with two firearms. The court explained:

> "[Defendant's] repeated involvement with guns, crimes involving guns is quite concerning. The repeated pattern of this defendant continuing to be involved in the criminal justice system, *** [and] sentences, some of them more fairly severe and still going back to the same life-style[,] is very concerning.

Again the fact that he is possessing a gun within a couple weeks after being paroled is something that indicates to me that this defendant has little or no rehabilitative potential here; that obviously he does whatever he wants to do despite the consequences, and I also take into consideration I don't believe his testimony was, in fact, credible and, in fact, calculated and contrived when he testified at trial."

¶ 11  The trial court denied defendant's motion to reconsider sentence, noting his sentences were less than the 30-year maximum and "commensurate" with his recidivism and the danger his conduct posed to the community.

¶ 12  On appeal, defendant contends that his 11-year sentences are excessive given the nature of the offense and his rehabilitative potential. Additionally, defendant posits the trial court erroneously considered his predicate convictions for AHC in aggravation and assumed his prior armed robbery convictions involved firearms.

¶ 13  In imposing sentence, a trial court must balance the seriousness of the offense and the objective of restoring the offender to useful citizenship. Ill. Const. 1970, art. I, § 11. "The trial court has broad discretionary powers in imposing a sentence." *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). Substantial deference is afforded its decision because "the trial judge, having observed the defendant and the proceedings, is in a much better position to consider factors such as the defendant's credibility, demeanor, moral character, mentality, environment, habits, and age." *People v. Snyder*, 2011 IL 111382, ¶ 36.

¶ 14  A sentence within the statutory guidelines is presumed proper (*People v. Knox*, 2014 IL App (1st) 120349, ¶ 46), and will be disturbed "only if the trial court abused its discretion" (*People v. Jones*, 168 Ill. 2d 367, 373-74 (1995)). A sentence constitutes an abuse of discretion where it is

"greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense." (Internal quotation marks omitted.) *Alexander*, 239 Ill. 2d at 212. The trial court is presumed to have "properly considered all mitigating factors and rehabilitative potential before it, and the burden is on defendant to affirmatively show the contrary." *People v. Barnes*, 2017 IL App (1st) 143902, ¶ 95. In reviewing a sentence, this court "must not substitute its judgment for that of the trial court merely because it would have weighed the factors differently." *People v. Fern*, 189 Ill. 2d 48, 53 (1999).

¶ 15    AHC is a Class X felony with a sentencing range of 6 to 30 years. 720 ILCS 5/24-1.7(b) (West 2016); 730 ILCS 5/5-4.5-25(a) (West 2016). Defendant's concurrent 11-year sentences are within that range, and therefore, presumptively proper. *Knox*, 2014 IL App (1st) 120349, ¶ 46. Consequently, defendant must show that his sentences greatly varied from the spirit of the law or were manifestly disproportionate to the offense. *Alexander*, 239 Ill. 2d at 212.

¶ 16    The evidence at trial established that defendant fled from police officers who approached him on the street. During the chase, he tossed two loaded firearms—a semiautomatic and a revolver—toward the elevated train tracks. The semiautomatic fell to the street, while the revolver landed near the tracks. The chase occurred in the afternoon, in a residential neighborhood, less than one month after defendant had been released on parole for possession of a controlled substance. He also had convictions for domestic battery, manufacture or delivery of a controlled substance, another drug possession offense, and three armed robberies.

¶ 17    Given these facts, the trial court could rationally conclude defendant's conduct merited the concurrent 11-year sentences. While defendant did not brandish the weapons or injure anyone, discarding loaded firearms during the day in a residential neighborhood endangered the public.

See 730 ILCS 5/5-5-3.2(a)(1) (West 2016) (factors in aggravation include whether conduct "caused or threatened serious harm"). Indeed, the AHC statute is intended to "protect the public from the threat of violence that arises when repeat offenders possess firearms." *People v. Davis*, 408 Ill. App. 3d 747, 750 (2011). While defendant argues that he took the weapons from his brother's friend to "prevent a greater harm," the trial court rejected that theory at sentencing and we will not substitute our judgment.

¶ 18    As the seriousness of the offense is the most important sentencing factor, the trial court was not required to assign greater weight to defendant's rehabilitative potential. See *People v. Contursi*, 2019 IL App (1st) 162894, ¶ 24. Defendant's history of substance abuse and mental illness was not inherently mitigating (*People v. Richardson*, 189 Ill. 2d 401, 421 (2000); *People v. Coleman*, 183 Ill. 2d 366, 406 (1998)), and although he earned professional certifications and had been employed, he committed the present offense just three days after starting a new job. The court was also apprised of defendant's lengthy criminal history and prior sentences, ranging from probation to 15 years' imprisonment. See *People v. Tatera*, 2018 IL App (2d) 160207, ¶ 72 (prior convictions may indicate "aggravating circumstances, including recidivism and failure to rehabilitate"); *People v. Wilson*, 2016 IL App (1st) 141063, ¶ 13 (court may consider that "previous, more lenient sentences" did not deter defendant).

¶ 19    Notwithstanding, defendant posits the trial court enhanced his sentence using the predicate convictions that were elements of AHC and UUWF.

¶ 20    A single factor cannot function as both an element of an offense and as a basis for a more severe sentence. *People v. Johnson*, 2019 IL 122956, ¶ 38. However, the trial court "is not required to refrain from any mention of the factors that constitute elements of an offense, and the mere

reference to the existence of such a factor is not reversible error." *People v. Brown*, 2018 IL App (1st) 160924, ¶ 22. The court "must consider a number of aggravating and mitigating factors in imposing its sentence, including the defendant's criminal history." *Id.* ¶ 20 (citing *People v. Thomas*, 171 Ill. 2d 207, 227-28 (1996)). Thus, even when the "fact" of a prior conviction constitutes an element of AHC, the court may consider its "nature and circumstances" in deciding the appropriate sentence. (Emphasis omitted.) *Brown*, 2018 IL App (1st) 160924, ¶ 21.

¶ 21 Here, the trial court properly considered defendant's entire criminal history among the factors at sentencing. The court recited each of his convictions in highlighting circumstances it found "very concern[ing]," *i.e.*, that defendant repeatedly committed serious offenses despite lengthy prison terms. The court did not focus on the "fact" of defendant's predicate convictions for AHC or UUWF, but rather, examined them in the context of his ongoing recidivism. In so doing, the court properly exercised its discretion and did not engage in improper double enhancement. *Id.*

¶ 22 Defendant's challenge to the trial court's suggestion that he had "repeated involvement with guns" is similarly misplaced. The record does not show whether defendant's prior convictions involved firearms, and his armed robbery offenses occurred when the relevant statute did not distinguish between firearms and other dangerous weapons. See Pub. Act 91-404 (eff. Jan. 1, 2000) (amending 720 ILCS 5/18-2 to provide different sentences for armed robberies committed with firearms versus other dangerous weapons). However, the court's comment has no bearing on its key finding that defendant exhibited a "repeated pattern of *** involve[ment] in the criminal justice system," and consistently reverted to crime despite "fairly severe" sentences. The court expressly stated that defendant's possession of the firearms in this case, soon after being paroled,

revealed his minimal rehabilitative potential. Therefore, any reliance by the court on an improper factor would not have resulted in a longer sentence.

¶ 23    Defendant finally contends the trial court failed to consider the societal effect of mass incarceration, and in support of this theory, cites a study and law review article. However, these materials were not introduced in the trial court and cannot be considered on appeal. *People v. Heaton*, 266 Ill. App. 3d 469, 476 (1994) (a reviewing court will not take judicial notice of facts not brought before the trial court).

¶ 24    As defendant's sentences were neither excessive nor the product of improper factors, we affirm the judgment of the trial court.

¶ 25    Affirmed.