NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180052-U

NO. 4-18-0052

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 20, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ISAIAH M. MILLER, Defendant-Appellant. | ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of McLean County No. 16CF1168 Honorable Scott D. Drazewski, Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice Steigmann and Justice Knecht concurred in the judgment.

**ORDER**

¶ 1     *Held*: Defendant's 33-year sentence for home invasion is not excessive despite the application of certain mitigating factors.

¶ 2     In September 2017, a jury found defendant, Isaiah M. Miller, guilty of two counts of home invasion. Because defendant was armed with a firearm during the commission of the offense, the mandatory 15-year add-on applied to the otherwise potential range on the Class X felony. The trial court sentenced defendant to 33 years in prison. Defendant files this direct appeal, claiming his sentence was excessive. We affirm.

¶ 3                                 I. BACKGROUND

¶ 4     In October 2016, a grand jury issued a seven-count indictment against defendant for home invasion, armed robbery, aggravated robbery, and residential burglary. The charges stemmed from an incident on September 7, 2016, where defendant and two other masked

individuals entered a couple's home at night when the couple was preparing for bed. The home invasion was captured on a security camera inside the residence. Defendant was identified as the individual who was armed with a firearm, kept watch over the couple as they lay on the kitchen floor, and struck the male victim with the butt of the gun, causing a laceration to his head. The two other men searched the home and stole cash, jewelry, phones, a handgun, and medicinal marijuana. The police investigation eventually led to the arrest of all three individuals.

¶ 5        By the time of trial, the State decided to proceed on only two counts of home invasion while nol-prossing the remaining counts. In count I, the State alleged defendant entered the home when he knew one or more persons were present and used force upon a person inside the dwelling while armed with a firearm. See 720 ILCS 5/19-6(a)(3) (West 2014). In count II, the State alleged defendant entered the home when he knew one or more persons were present and intentionally caused injury to one or more persons who were present inside the dwelling.

¶ 6        After considering the evidence, including that mentioned above, the jury found defendant guilty of both counts of home invasion.

¶ 7        In October 2017, the trial court conducted a sentencing hearing. The court was presented with a presentence investigation report (PSI), victim impact statements, and arguments of counsel, wherein the State recommended a sentence of 35 years and defendant recommended a sentence of 21 years. Defendant made a statement in allocution, taking "responsibility and accountability" for the offense. He apologized "to everyone it ha[d] affected emotionally, and mentally, as well as physically, as it might have affected individuals that [he] would never think it would affect." He explained his "downfall" began when he found his sister, who had died by suicide. He resorted to drugs "with no regard for [his] safety, or life, as well as anyone around

[him]." He also stated he had participated in programs in prison, including educational, treatment, and wellness programs.

¶ 8        After considering "the evidence at trial, the gravity of the offenses, the [PSI], along with the addendum, the financial impact of incarceration, the *** victim impact statements, *** the history, character, and attitude of the defendant, the youth of the defendant and his potential for rehabilitation[,] *** all sentencing options, [and] the recommendations and arguments from counsel," the trial court sentenced defendant to 18 years in prison, plus a 15-year add-on for the weapon, for a total of 33 years on count I and a concurrent term of 10 years on count II.

¶ 9        The trial court stated it "appreciate[d] the defendant's acceptance of responsibility" and "the impact that [the crimes] had upon the victims." The court noted that, although "defendant has led a life that perhaps might be less than ideal," he was not a victim "based upon some opportunities that he was not afforded in comparison to other individuals." The court said defendant is "an intelligent individual, that has the ability, if he puts his mind to it, to accomplish things that he has heretofore been either unwilling or unable to do, but he has a mind that ought not and should not be wasted, despite the fact that he will be spending a significant amount of time, as is required, in the Illinois Department of Corrections, that being the only sentence which is available to the court." The court said the video of the incident showed that the crime experienced by the victims was "a real horror story," "eery", and "uncomfortable." Thus, the court was "aware that a deterrent factor need[ed] to be imposed upon the defendant, even though he does have rehabilitative potential."

¶ 10       Defendant filed a motion to reconsider his sentencing, arguing it was excessive considering "all of the facts and circumstances." The trial court denied defendant's motion.

¶ 11       This appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13          Defendant contends his 33-year sentence for home invasion is excessive given (1) he is an "emerging adult" at the age of 19, (2) he experienced an unstable childhood and homelife, (3) he has great potential for rehabilitation, (4) he expressed remorse for his crimes, and (5) he was addicted to drugs. Defendant contends the trial court abused its discretion in sentencing defendant without actual consideration of these mitigating factors and without affording defendant the opportunity for rehabilitation. We disagree.

¶ 14          A trial court has broad discretionary powers in fashioning a sentence, and its sentencing decision is entitled to great deference. *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). A sentence within statutory limits will not be deemed excessive unless it is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense. *Id.* at 210. "The spirit and purpose of the law are promoted when a sentence reflects the seriousness of the offense and gives adequate consideration to the rehabilitative potential of the defendant." (Internal quotation marks omitted.) *People v. Butler*, 2013 IL App (1st) 120923, ¶ 31.

¶ 15          The offense of home invasion—the particular offense with which defendant was charged (that is, while armed with a firearm and force was used or threatened)—is a Class X felony for which 15 years shall be added to the term of imprisonment imposed by the court. 720 ILCS 5/19-6(a)(3), 19-6(c) (West 2014). A Class X felony has a sentencing range from 6 to 30 years' imprisonment. 730 ILCS 5/5-4.5-25(a) (West 2014). The trial court sentenced defendant to 18 years on the Class X felony and added the mandatory 15-year firearm enhancement for a total sentence of 33 years.

¶ 16          Defendant argues the trial court should have given greater weight to the fact he was only 19 years old and had suffered an unstable childhood. Defendant claims his underdeveloped

sense of responsibility led to the reckless, impulsive, and influenced decision to rob a home because someone else told him this home would have cash inside. Citing *Miller v. Alabama*, 567 U.S. 460, 479 (2012), defendant claims his youthful impulsiveness not only tends to explain his conduct, but also demonstrates he has a greater rehabilitative potential than adult offenders. *Id.*

¶ 17 In *Miller*, the Supreme Court held that the eighth amendment prohibits a sentencing scheme for juvenile offenders that mandates life in prison without the possibility of parole, including a *de facto* life sentence. *Id.* Defendant does not assert this "life-sentence" principle is applicable here. However, he nevertheless relies upon *dicta* in *Miller* to support his assertion that the trial court should have "acted on" his young age as a mitigating and rehabilitative factor. In *Miller*, the Court discussed the proposition that young adults are likely less criminally culpable than older adults due to their underdeveloped sense of responsibility, which leads to recklessness, impulsiveness, and susceptibility to outside influences. *Id.* at 471. *Miller* emphasized "that the distinctive attributes of youth diminish the penological justifications for imposing the harshest sentences on juvenile offenders, even when they commit terrible crimes." *Id.* at 472.

¶ 18 Defendant was 19-1/2 years old when he committed the offense. While he was not legally a juvenile, he claims scientific evidence supports his theory that his young adult brain was still developing, rendering him more like a juvenile than a mature adult. See *People v. House*, 2019 IL App (1st) 110580-B, ¶ 55. We agree an offender's age could be a mitigating factor. *People v. Holman*, 2017 IL 120655, ¶ 33. However, defendant points to nothing in the record, other than the sentence itself, to support his claim that the trial court failed to adequately consider his age and rehabilitative potential, given his unstable childhood.

¶ 19 When balancing the retributive and rehabilitative aspects of a sentence, a court must consider all factors in aggravation and mitigation including, *inter alia*, a defendant's age, criminal

history, character, education, and environment, as well as the nature and circumstances of the crime and the defendant's actions in the commission of that crime. *People v. Jackson*, 2013 IL App (3d) 120205, ¶ 32. The trial court does not need to expressly outline its reasoning when crafting a sentence, and we presume the court considered all mitigating factors absent some affirmative indication to the contrary other than the sentence itself. *People v. Halerewicz*, 2013 IL App (4th) 120388, ¶ 43. Because the most important sentencing factor is the seriousness of the offense, the court is not required to give greater weight to mitigating factors than to the severity of the offense, nor does the presence of mitigating factors either require a minimum sentence or preclude a maximum sentence. *People v. Alexander*, 239 Ill. 2d 205, 214 (2010). In the absence of evidence to the contrary, we presume the sentencing court considered the mitigating evidence presented. *People v. Gordon*, 2016 IL App (1st) 134004, ¶ 51.

¶ 20        Here, the trial court specifically stated it considered, *inter alia*, the PSI, the severity of the offense, and the trial testimony. The court considered defendant's history, character, attitude, age, and potential for rehabilitation. The court further considered arguments of counsel and defendant's statement in allocution. The court noted it appreciated "defendant's acceptance of responsibility," while also noting defendant's intelligence and his "ability, if he puts his mind to it, to accomplish things." It stated defendant "has a mind that ought not and should not be wasted." After these detailed considerations, the court sentenced defendant to 33 years—a sentence falling within the permissible sentencing range of 21 to 45 years.

¶ 21        Since defendant's sentence falls within the sentencing range, we may only disturb the sentence if it varies greatly from the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense. *Alexander*, 239 Ill. 2d at 212. Neither exception applies. Defendant's sentence is exactly in the middle of the applicable range. Although he is

young and had a troubled youth, he made a deliberate decision to enter someone's home while masked and armed with a handgun. He deliberately struck the victim with the butt of the gun to force compliance with his demands. This was a very serious crime and one where the sentence should promote deterrence. Defendant demonstrated his ability to work toward rehabilitation and, should that conduct continue, he should have a meaningful opportunity to obtain release. See *Miller*, 567 U.S. at 479 (the State shall provide " 'some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.' ") (quoting *Graham v. Florida*, 560 U.S. 48, 75 (2010)).

¶ 22          Since defendant's sentence falls within the sentencing range, we cannot say it varies greatly from the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense despite defendant's youthfulness, history, or demonstrated rehabilitative potential. Accordingly, we conclude the trial court did not abuse its discretion in imposing this sentence.

¶ 23                              III. CONCLUSION

¶ 24          For the foregoing reasons, we affirm the trial court's judgment.

¶ 25          Affirmed.