**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190354-U

Order filed May 4, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0354 Circuit No. 17-CF-45 |
| | ) | |
| TOBY E. TESSEM, | ) ) | Honorable John P. Vespa, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE CARTER delivered the judgment of the court.
Presiding Justice Lytton and Justice Wright concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  Defendant's sentence was not excessive as the record establishes that the court considered the relevant factors in mitigation.

¶ 2    Defendant, Toby E. Tessem, appeals from the Peoria County circuit court's order denying his motion to reconsider sentence. Defendant argues his sentence should be reduced, or the cause remanded for resentencing because the court failed to consider in mitigation that defendant suffered from a serious mental illness that affected his ability to understand the nature

of his acts or to conform his conduct to the requirements of the law, and his imprisonment would entail an excessive hardship on his son. We affirm.

¶ 3                                           I. BACKGROUND

¶ 4        Defendant entered an open guilty plea to one count of aggravated home repair fraud (815 ILCS 515/5(i) (West 2016)). The factual basis stated defendant initially repaired the victim's driveway and did some landscaping work. Defendant then told the victim that his roof needed more than $80,000 in repairs. Defendant told the victim he could make the repairs. The victim accepted defendant's proposal and paid approximately $80,000 to defendant. Defendant replaced some of the shingles on one corner of the roof and stopped working. The victim tried without success to contact defendant. Defendant did not complete the roof repair. The roofer that did the original installation would testify that the victim's roof did not need to be replaced, and the work defendant did was improper and required repair. The State also told the court that defendant had two prior Class 2 felony offenses, and therefore, he was subject to a Class X felony sentencing range of 6 to 30 years' imprisonment. The court accepted defendant's plea and set the matter for a sentencing hearing.

¶ 5        Before sentencing, the State filed a presentence investigation report (PSI). The PSI stated defendant had multiple prior convictions, including five theft convictions and one aggravated home repair fraud conviction. When the PSI was prepared, defendant was employed as a foreman at AAA Parking Lot Maintenance. Defendant had two daughters and a minor son. Defendant said his relationship with his children was "not as good as it could be." Defendant saw his son biweekly and on the weekends. Defendant paid $130 biweekly in child support for his son. Defendant was behind in making the payments and was unsure of the amount that he owed.

2

¶ 6          Regarding defendant's mental and physical health, the PSI stated defendant was a "compulsive gambler" and had attended some Gambling Anonymous meetings. Defendant spent $60,000 of the money he received from the victim on gambling. Defendant attempted to commit suicide in December 2016, and following the attempt, he was admitted to the hospital. At that time, a physician diagnosed defendant with major depressive disorder, borderline personality disorder, posttraumatic stress disorder, and "gambling and betting." After his discharge, defendant attended counseling sessions and took antidepressants. Defendant stopped the counseling sessions and taking antidepressants when he lost his state provided insurance.

¶ 7          Included with the PSI were multiple letters of support that attested to the quality of defendant's character and need for a lenient sentence.

¶ 8          At the beginning of the sentencing hearing, the court discussed the PSI on the record. The court noted that defendant had five prior felonies; defendant failed to pay more than $16,000 in restitution; defendant continued to gamble with the money he earned from his employment and criminal offenses; and while defendant claimed his gambling is a compulsion, he did "not appear to be taking any steps to make changes." The court also observed that defendant had previously received sentences of 5, 9, 10, and 12 years' incarceration.

¶ 9          The State argued defendant's criminal history, the significant financial loss to the victim, and defendant's failure to make prior restitution necessitated "an extensive" sentence. Defense counsel argued that a lesser sentence was warranted due to defendant's physical health concerns, which included diabetes, and the mental health conditions documented in the PSI and a letter filed on defendant's behalf. Counsel contended that defendant had a major depressive episode and "associated illness with compulsive or addictive gambling and wagering." Counsel specifically asked that the court consider defendant's mental condition and noted the

documentation of "some fairly substantial psychiatric and medical disease." Counsel asked the court to impose a minimum sentence of six years' imprisonment.

¶ 10        In allocution, defendant said that he had struggled with an addiction to gambling for his whole life. The addiction caused defendant to suffer from depression. Defendant told the court that he successfully completed a gambling addiction program approximately 15 years before the sentencing hearing. Defendant also said that after his December 2016, suicide attempt, he felt that his mental health was improving as a result of the counseling and medication. When defendant lost his insurance, he was unable to continue the treatment.

¶ 11        The court stated it had considered the PSI, arguments, statement in allocution, statutory factors in mitigation and aggravation, and defendant's history and character. The court also discussed, at length, each of the letters sent from defendant's family members asking that it impose a lenient sentence. In aggravation, the court specifically found that defendant had a history of criminal activity, and a sentence was necessary to deter others from committing the same crime. The court said the following "statutory factors in mitigation" applied: defendant's conduct neither caused nor threatened serious physical harm to another and defendant did not contemplate that this conduct would cause or threaten serious physical harm to another. The court sentenced defendant to 20 years' imprisonment and ordered defendant to pay $78,125 in restitution.

¶ 12        Defense counsel filed a motion to reconsider sentence that argued the court overemphasized the aggravating factors, gave too little consideration to the mitigating evidence that defendant's criminal behavior was caused by addiction and mental illness, and contended that defendant's sentence was excessive. The court denied the motion. Defendant filed a notice of appeal. We remanded the cause for *de novo* postplea proceedings because defense counsel had

4

not filed an Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) certificate with the postplea motions. *People v. Tessem*, No. 3-17-0872 (2018) (unpublished minute order).

¶ 13    On remand, the court appointed new counsel to represent defendant. Counsel filed new motions to withdraw guilty plea and reconsider sentence. The motion to reconsider sentence solely argued that defendant's sentence was excessive. The court denied the motions. Defendant appeals.

¶ 14                                II. ANALYSIS

¶ 15    Defendant argues that his sentence is excessive and the circuit court failed to consider in mitigation that he was suffering from a serious mental illness that affected his ability to understand the nature of his acts or conform his conducts to the requirements of the law and that the term of imprisonment would entail excess hardship on his son. Upon review of the sentencing proceedings, we find the court did not abuse its discretion in imposing defendant's 20-year prison sentence.

¶ 16    To determine a defendant's sentence, the court must balance relevant factors that include the nature of the offense, the protection of the public, and defendant's rehabilitative potential. *People v. Alexander*, 239 Ill. 2d 205, 213 (2010). The court need not expressly outline its reasoning for a sentence. *People v. Jones*, 2014 IL App (1st) 120927, ¶ 55. The fact that a court mentions a factor in mitigation does not mean that it ignored other factors. *People v. Burton*, 184 Ill. 2d 1, 34 (1998). Absent affirmative evidence to the contrary, we presume that the court considered all mitigating evidence before it. *Id.* The court is not required to give more weight to the mitigating factors than the severity of the offense because the most important sentencing factor is the seriousness of the offense. *Alexander*, 239 Ill. 2d at 214. The presence of mitigating

factors neither requires a minimum sentence nor precludes the imposition of a maximum sentence. *People v. Gordon*, 2016 IL App (1st) 134004, ¶ 51.

¶ 17    The circuit court's sentencing decision is entitled to great deference as it observed defendant and the proceedings and has a better opportunity to consider these factors than the appellate court which must rely on a cold record. *Alexander*, 239 Ill. 2d at 212-13. "Consequently, the reviewing court must not substitute its judgment for that of the trial court merely because it would have weighed these factors differently." *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). We review the court's sentencing decision for an abuse of discretion. *Alexander*, 239 Ill. 2d at 212. A sentence is "an abuse of discretion where [it] is 'greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense.' " *Id.* (quoting *Stacey*, 193 Ill. 2d at 210).

¶ 18    In this case, the court did not abuse its discretion when it sentenced defendant to 20 years' imprisonment for aggravated home repair fraud. Due to defendant's prior felony convictions, aggravated home repair fraud was a Class X felony with a sentencing range of 6 to 30 years' imprisonment. 815 ILCS 515/5(i) (West 2016); 730 ILCS 5/5-4.5-25(a) (West 2016); *id.* § 5-4.5-95. Defendant's sentence of 20 years' imprisonment fell within the statutorily prescribed range, and therefore, is presumptively valid. See *People v. Busse*, 2016 IL App (1st) 142941, ¶ 27.

¶ 19    Despite the presumption of validity, defendant argues that the court erred in imposing his sentence because it failed to consider the mitigating evidence of his mental health diagnoses and the harm a lengthy sentence posed to his son. The record rebuts defendant's claim as the court mentioned at the start of its ruling that it had considered the PSI and factors in mitigation. While the court's subsequent discussion was limited to two "statutory" factors in mitigation, this did

not establish that the court ignored the other mitigating evidence. See *Burton*, 184 Ill. 2d at 34. Moreover, the PSI documented these concerns at length as it included defendant's statements about his mental health and familial relationships, medical records, and letters of support from family members. Additionally, defense counsel cited in support of his argument for a minimum sentence that defendant suffered from several mental illness concerns during his argument. Therefore, the court was aware of these mitigating factors and stated that it had considered the evidence documenting these issues before it pronounced defendant's sentence. As a result, we can find nothing in the record that affirmatively establishes that the court ignored these concerns. We conclude that the court did not abuse its discretion when it sentenced defendant to 20 years' imprisonment.

¶ 20                                    III. CONCLUSION

¶ 21          The judgment of the circuit court of Peoria County is affirmed.

¶ 22          Affirmed.