2020 IL App (2d) 190161-U
No. 2-19-0161
Order filed December 21, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Boone County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-CF-105 |
| TREX L. MOORE, | ) ) | Honorable C. Robert Tobin III, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Presiding Justice Bridges and Justice Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Defendant's five-year prison sentence for felony retail theft (liquor bottles) upon revocation of probation was not an abuse of discretion where defendant's risk to reoffend was significantly based on his criminal record and history of probation violations, including a DUI that defendant committed in the present case while on furlough and enrolled in an outpatient treatment program.

¶ 2    Defendant, Trex L. Moore, appeals from the judgment of the circuit court of Boone County sentencing him to five years in prison for his theft of a bottle of liquor valued at less than $300. Because the trial court properly considered the relevant sentencing factors and did not abuse its discretion in imposing defendant's sentence, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4       Defendant was indicted on one count of felony retail theft of a bottle of liquor on April 10, 2017, based on a prior conviction of theft (count I) (720 ILCS 5/16-25(a)(1), (f)(2) (West 2016)) and one count of felony retail theft of a bottle of liquor on April 11, 2017, based on the same prior conviction of theft (count II) (720 ILCS 5/16-25(a)(1), (f)(2) (West 2016)).

¶ 5       Defendant pled guilty to count I.  The factual basis for the plea established that on April 10, 2017, defendant stole from a grocery store a bottle of Crown Royal valued at $27.99.  On April 11, 2017, he stole from the same store another bottle of Crown Royal valued at $27.99.  The trial court accepted defendant's guilty plea, entered judgment on count I, and dismissed count II.

¶ 6       Because of his drug and alcohol use, defendant was found eligible for Treatment Alternatives for Safe Communities (TASC).  The trial court sentenced him to 24 months' TASC probation and 170 days in jail, with credit for time served.  The conditions of probation prohibited defendant from using drugs or alcohol or committing crimes, and required him, among other things, to cooperate with TASC recommendations.

¶ 7       On November 27, 2017, the State petitioned to revoke defendant's probation, alleging that he had committed two criminal offenses, failed to engage with TASC or any substance abuse counseling, and had consumed alcohol.  On December 14, 2017, Rosecrance Recovery Center assessed defendant and recommended him for its outpatient treatment program.  The State agreed that defendant should be allowed to participate in the treatment, and the trial court granted defendant a furlough to do so.  On December 22, 2017, defendant was furloughed to participate in the outpatient treatment program.

¶ 8       While on furlough, defendant was arrested for driving under the influence (DUI), pled guilty, and was sentenced to 24 months' conditional discharge.  Pursuant to the guilty plea in the

DUI case, the two criminal charges alleged in the November 27 petition to revoke probation were dismissed.

¶ 9    The State then amended its petition to revoke to include the DUI conviction. Based on the DUI conviction only, the trial court revoked defendant's probation, ordered a presentence investigation report (PSI), and set the matter for sentencing.

¶ 10    The PSI indicated that defendant had missed three office appointments with his probation officer and, as of September and October of 2017, had not started any TASC or other substance abuse treatment. The PSI further stated that, while on probation, defendant had been arrested in November and December of 2017.

¶ 11    Defendant's criminal history included several convictions, beginning in 1998 in Alabama, for drug possession, receiving stolen property, and theft. He received multiple prison sentences, including terms of 1 year, 5 years, and 15 years. Defendant also had a history of committing offenses while on probation. The PSI further indicated that defendant had graduated from high school, obtained an electrician certificate from a community college, and had maintained steady employment despite his drug and alcohol issues. According to the PSI, although defendant had a supportive family system, his mother was currently in custody for a DUI conviction. The PSI stated that defendant had an increased risk to reoffend.

¶ 12    At the sentencing hearing, the State relied solely on the PSI. Defendant testified that he had been addicted to drugs since he was 17 years old. He submitted a letter from TASC stating that he was eligible for its program. While in custody, he had participated in a retired senior volunteer program, completed a parenting course, attended weekly Narcotics and Alcoholics Anonymous meetings, and attended church services. Both the PSI and TASC evaluations indicated that defendant should receive a mental health assessment. In allocution, defendant

expressed remorse for the situation that he had put his family through, stated that he had made wrong choices because of his drug addiction, and promised to stay clean, get treatment, and live drug-free.

¶ 13    The State sought a term of imprisonment but did not recommend a particular term. Defendant requested that he be placed in a residential treatment program.

¶ 14    In imposing sentence, the trial court noted that it had considered the statutory aggravating and mitigating factors. The court also considered the PSI and noted that defendant had a criminal history. Although the court recognized that one of the sentencing factors suggested that "a sentence [was] necessary to deter others," the court gave "no great weight *** to that factor," because "most crimes have that to it."

¶ 15    As for mitigation, the trial court found that defendant's criminal conduct neither caused nor threatened serious physical harm. Defendant also acted under a strong provocation from his addiction. The court found that no other mitigating factors were present. The court commented that defendant's criminal conduct was likely to recur because he committed a DUI while on furlough and had committed crimes throughout his life. The court added that defendant had "failed miserably on any kind of conditional sentence throughout his life and failed miserably on this probation and furlough." Taking everything into consideration, the court sentenced defendant to five years in prison. The court denied defendant's motion to reconsider, and defendant filed this timely appeal.

¶ 16                                II. ANALYSIS

¶ 17    On appeal, defendant contends that his five-year prison sentence was excessive, and, pursuant to Illinois Supreme Court Rule 615(b)(4) (eff. Jan. 1, 1967), he requests that this court reduce it to the minimum sentence of three years in prison.

¶ 18   Rule 615(b)(4) grants a reviewing court the power to reduce a sentence. *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). That power, however, should be exercised cautiously and sparingly. *Alexander*, 239 Ill. 2d at 212.

¶ 19   A reviewing court may not alter a defendant's sentence absent an abuse of discretion. *Alexander*, 239 Ill. 2d at 212. A sentence within statutory limits will not be deemed excessive unless it greatly varies from the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense. *People v. Fern*, 189 Ill. 2d 48, 54 (1999). The trial court has broad discretion in imposing a sentence, and its sentencing decisions are entitled to great deference. *Alexander*, 239 Ill. 2d at 212. The trial court has a better opportunity to weigh such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. *Alexander*, 239 Ill. 2d at 213. Thus, the reviewing court must not substitute its judgment for that of the trial court merely because it would have weighed the sentencing factors differently. *Alexander*, 239 Ill. 2d at 213.

¶ 20   Upon reviewing the record here, we hold that the trial court did not abuse its discretion in sentencing defendant to five years in prison. Defendant was eligible for an extended sentencing range of three to six years in prison. See 730 ILCS 5/5-4.5-45(a) (West 2017). In imposing the five-year prison sentence, the trial court had before it the PSI and noted that it had considered all aggravating and mitigating factors. Further, the court pointed to defendant's extensive criminal history as an aggravating factor. As for mitigation, the court found that defendant's conduct did not cause or threaten serious physical harm and that he acted under the provocation of his addiction. The court found no other mitigating factors.

¶ 21   Further, the trial court commented that defendant's conduct was likely to recur because he had committed the recent DUI while on furlough in this case and had committed crimes over a

long period beginning in 1998. The court emphasized that defendant had failed numerous times in serving probation, including in this case. Those comments were clearly substantiated by the PSI and defendant's behavior while on probation in this case. Although defendant's sentence was near the maximum under the applicable statutory range, there is no indication that the trial court abused its discretion in considering the aggravating and mitigating factors in arriving at the sentence.

¶ 22    Defendant, however, contends, relying on *People v. Busse*, 2016 IL App (1st) 142941, and *People v. Allen*, 2017 IL App (1st) 151540, that a five-year prison sentence for the theft of two items under $300 in value was disproportionate to the nature of the offense. We disagree.

¶ 23    In *Busse*, the defendant received a 12-year prison sentence for burglary based on the theft of $44 in quarters. *Busse*, 2016 IL App (1st) 142941, ¶ 1. The applicable Class X sentencing range was 6-30 years' imprisonment. *Busse*, 2016 IL App (1st) 142941, ¶ 26. The appellate court reduced the sentence to the minimum six-year prison term. *Busse*, 2016 IL App (1st) 142941, ¶ 26. In doing so, the court held that the sentence was disproportionate to the petty nature of the offense. *Busse*, 2016 IL App (1st) 142941, ¶¶ 34-37.

¶ 24    In *Allen*, the defendant was sentenced to 10 and a half years in prison for burglary of a vehicle. *Allen*, 2017 IL App (1st) 151540, ¶ 7. On review, the court, relying on its earlier decision in *Busse*, held that the defendant's sentence did not reflect the low level of seriousness of the offense, and thus, reduced the defendant's prison sentence to the six-year minimum of the Class X sentencing range of 6 to 30 years in prison. *Allen*, 2017 IL App (1st) 151540, ¶¶ 15, 22.

¶ 25    Neither *Busse* nor *Allen* supports defendant here, as they were decided on their particular facts and circumstances. See *Fern*, 189 Ill. 2d at 55 (comparing sentences in different cases not favored); see also *People v. Cunningham*, 2018 IL App (4th) 150395, ¶ 54 (rejecting a comparative

application of *Busse* and *Allen*). Thus, we reject any comparison between defendant's sentence here and those in *Busse* and *Allen*.

¶ 26 Lastly, we respectfully disagree with the reasoning in *Busse* and *Allen*. As the Fourth District noted in *Cunningham*, the *Allen* majority improperly substituted its own judgment of the seriousness of the offense for that of the General Assembly and the trial court. *Cunningham*, 2018 IL App (4th) 150395, ¶ 54; see also *Allen*, 2017 IL App (1st) 151540, ¶ 33 (Mason, J., dissenting) (rejecting a "petty offense" exception to the legislatively-mandated Class X sentencing range in order to reduce a sentence to the six-year minimum). We agree with the *Cunningham* decision and Justice Mason's dissenting opinion in *Allen* and decline to substitute our judgment for that of the legislature.

¶ 27                                    III. CONCLUSION

¶ 28 For the reasons stated, we affirm the judgment of the circuit court of Boone County.

¶ 29 Affirmed.