NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190206-U

NO. 4-19-0206

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 19, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Vermilion County |
| LAJON WATSON, | ) | No. 17CF334 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Nancy S. Fahey, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, concluding the trial court did not abuse its discretion in sentencing defendant.

¶ 2       In January 2018, defendant, Lajon Watson, pleaded guilty to one count of aggravated battery with a deadly weapon, namely a 2001 blue Oldsmobile Alero (720 ILCS 5/12-3.05(f)(1) (West 2016)). Pursuant to a negotiated plea agreement, the trial court sentenced defendant to 24 months' probation. In August 2018, the State filed a petition to revoke defendant's probation on the grounds he (1) tested positive for controlled substances and (2) failed to report to his probation officer on five occasions. At a January 2019 revocation hearing, the trial court found defendant violated his probation. The trial court later resentenced

defendant to nine years in prison. Defendant filed a motion to reconsider his sentence, which the court denied.

¶ 3        Defendant appeals, arguing the trial court abused its discretion when it resentenced him to a term of nine years in prison. We disagree and affirm.

¶ 4                                I. BACKGROUND

¶ 5        In May 2017, the State charged defendant by information with one count of possession of a stolen vehicle (625 ILCS 5/4-103(a)(1) (West 2016)), one count of aggravated battery with a deadly weapon, namely a 2001 blue Oldsmobile Alero (720 ILCS 5/12-3.05(f)(1) (West 2016)), and one count of aggravated battery on or about a public way (720 ILCS 5/12-3.05(c) (West 2016)). Defendant pleaded not guilty.

¶ 6        On January 2, 2018, defendant and the State entered into a plea agreement. In exchange for defendant's plea of guilty to aggravated battery with a deadly weapon, the State agreed to dismiss the remaining charges, and defendant received a sentence of 24 months' probation. When presented with the plea agreement, the trial court inquired, "I mean, these are very serious charges. What's going on?" Defense counsel advised the court of a defense witness who would testify "the victim in fact threw herself at the vehicle." The victim had also contacted the State to "indicate[ ] she does not want [defendant] to go to prison over this." The court then asked the State to recite the factual basis for the plea. The State responded as follows:

> "On May 7, 2017, *** [d]efendant *** came to visit Larry Potts. He then had Mr.
>
> Potts'[s] vehicle, drove away. He then got into a confrontation with Jessica
>
> Batista. At that time, he drove off in the vehicle. Ms. Batista was still holding on
>
> to the vehicle. She was then—had injuries from holding on to the vehicle. *** She
>
> was treated for those. She had what appeared to be road rash on her legs and her

left upper body and back. Mr. Potts later indicated that [defendant] had permission to use the vehicle."

¶ 7　　　　The trial court accepted defendant's guilty plea and sentenced defendant to 24 months' probation. The court ordered defendant not to have contact with the victim.

¶ 8　　　　On April 30, 2018, the Vermilion County court services department filed a probation violation report, which stated the defendant had violated the terms of his probation. Specifically, the report stated defendant violated the terms of his probation as a result of (1) testing positive for controlled substances on April 27, 2018, and (2) defendant's arrest for domestic battery on April 28, 2018. Defendant later pleaded guilty to the domestic battery charge in exchange for the State's agreement not to file a petition to revoke defendant's probation based on the domestic battery conviction.

¶ 9　　　　On August 13, 2018, the State filed a petition to revoke defendant's probation, alleging defendant violated the terms of his probation where defendant (1) tested positive for controlled substances on April 23, 2018, and (2) failed to report to the Vermilion County court services department on May 29, 2018, June 12, 2018, July 2, 2018, July 11, 2018, and August 6, 2018.

¶ 10　　　　On January 4, 2019, at the hearing on the petition to revoke defendant's probation, Andrew Dugas, defendant's probation officer from January 2018 to April 2018, testified defendant participated in office visits and home visits as scheduled. Defendant was transferred to another probation officer, Michelle Merz, after his conviction for domestic battery, entered on May 10, 2018.

¶ 11　　　　Michelle Merz, defendant's next probation officer, testified she never met with defendant, as he failed to report for his scheduled visits on five occasions. Merz testified

defendant never contacted her regarding the first three missed appointments. On July 9, 2018, defendant called Merz asking to reschedule the July 11, 2018, appointment because it conflicted with his work schedule. Merz testified she did not excuse the appointment and defendant was informed he was required to appear. Defendant failed to attend the July 11, 2018, appointment and the following appointment on August 6, 2018. On cross-examination, Merz testified, due to defendant's prior missed appointments, he was required to submit a letter from his employer stating his work schedule to be excused from an appointment with court services. Merz did not receive a letter or any other document from defendant.

¶ 12        Defendant testified he began working at Rantoul Foods in May 2018. Defendant worked from 4:30 a.m. to 6:30 p.m., Monday through Saturday. Defendant stated he was not permitted to take days off from work.

¶ 13        Following the hearing, the trial court found defendant had violated his probation and set the matter for resentencing.

¶ 14        On February 7, 2019, the trial court held a resentencing hearing. Brett Stine testified he also served as defendant's probation officer from January 2018 to April 2018. He shared work responsibilities with Dugas. Stine testified defendant reported regularly to court services. Defendant was respectful and had no positive drug tests during the period he and Dugas supervised defendant.

¶ 15        Defendant testified he had four children. Two of the children lost their mother in December 2018. Defendant was current with his payment of child support until he was taken into custody. Defendant testified he saw his children every weekend and helped with expenses such as clothing, sports equipment, and school supplies. If released from custody, defendant could resume his employment with Rantoul Foods. Defendant felt he would benefit from substance

- 4 -

abuse treatment. He testified he was drinking alcohol frequently on the weekends but he would not drink around his children. Defendant stated he wanted to be a better parent. On cross-examination, defendant confirmed his history of incarceration and agreed he had been "in and out of jail" during his children's lives.

¶ 16 The State recommended a term of nine years in prison, highlighting defendant's extensive criminal history and the threat of harm from the original offense. Defense counsel requested a period of probation, arguing defendant's work ethic demonstrated his ability to be "a productive citizen and productive father." Defense counsel also referenced the original offense, noting the victim attempted to take possession of the vehicle, believing defendant had stolen the vehicle, and was injured as a result of the struggle when defendant drove away.

¶ 17 Following arguments, defendant made a statement in allocution, apologizing to the victim, his friends and family, and his probation officer. Defendant stated he wanted to be a better person and wanted to be a father to his children and "not just us[e] them as a crutch ***."

¶ 18 In resentencing defendant, the court stated,

"Well, the thing that strikes me about what you just said to me is that you never have gotten a chance. ***

* * *

You have gotten chances. And frankly, on—specifically on this case you blew the chance.

***

And, you know, I find your testimony in some respects just disingenuous and not believable. You haven't been there for your kids. You may have paid child support sporadically, but throughout most of their lives you have been in

and out of jail and in and out of [the Illinois Department of Corrections (DOC)] and there's not—nobody to blame for that but yourself. But yet you are looking for somebody to blame. You are looking for your dad to blame, you are looking for society to blame, and nobody is giving you a chance. That's BS. You are responsible for your own actions.

 \*\*\*

 You have spent \*\*\* at least five different times in DOC. And how [defense counsel] can argue that does not justify you being called a career criminal is beyond me because that is a career criminal. You are in and out of DOC.

 You have been given a chance. I don't believe that you have taken care of your children other than sporadically and when it was convenient for you. You certainly thumbed your nose at probation, didn't take that seriously at all.

 So when I look at the factors in mitigation \*\*\* I think the wording is [']entail an excessive hardship on your dependents.['] I don't find that factor in mitigation applies to you at all because I find that you basically haven't been available or there for your dependents anyway.

 When I look at the factors in aggravation, I find that your conduct caused or threatened serious harm. The underlying offense of dragging someone in a car and then running over that person obviously fits into that factor. You definitely have a history of prior delinquency or criminal activity, and the sentence is needed to deter others from committing the same crime.

So having regard to the nature and circumstances of the offense, to the history, character and condition of the offender, the Court is of the opinion that probation would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice."

The court resentenced defendant to nine years in prison. On February 7, 2019, defendant filed a motion to reconsider his sentence, which the trial court denied.

¶ 19 On April 5, 2019, defendant filed a timely notice of appeal. The Office of the State Appellate Defender filed an amended notice of appeal with the Vermilion County clerk, but the notice was lost. On December 4, 2019, the Illinois Supreme Court issued a supervisory order (*Watson v. Justices of the Appellate Court, Fourth District*, No. 125491 (Ill. Dec. 4, 2019) (supervisory order)) directing this court to allow defendant to file an amended notice of appeal and to treat such amended notice of appeal as a properly perfected appeal from the March 15, 2019, judgment.

¶ 20 II. ANALYSIS

¶ 21 Defendant argues his nine-year sentence is excessive because it is greatly at variance with the spirit and purpose of the law and is manifestly disproportionate to the nature of the offense. Specifically, defendant argues the trial court placed undue weight on aggravating factors and failed to accord appropriate weight to mitigating evidence. The State disagrees.

¶ 22 Defendant does not dispute his nine-year sentence falls within the applicable statutory limits. A sentence that falls within the applicable statutory limits is generally reviewed for an abuse of discretion. *People v. Price*, 2011 IL App (4th) 100311, ¶ 36, 958 N.E.2d 341. This is because the trial court is generally "in a better position than a court of review to determine an appropriate sentence based upon the particular facts and circumstances of each

individual case." (Internal quotation marks omitted.) *Id.* "A sentence within the statutory limits will not be deemed excessive and an abuse of the court's discretion unless it is 'greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense.' " *People v. Pina*, 2019 IL App (4th) 170614, ¶ 20, 142 N.E.3d 794 (quoting *People v. Fern*, 189 Ill. 2d 48, 54, 723 N.E.2d 207, 210 (1999)).

¶ 23        We find no abuse of discretion in defendant's sentence. Initially, we reject defendant's argument that the trial court erred by failing to find substantial grounds existed tending to excuse or justify defendant's aggravated battery of Batista. The court described the underlying offense as defendant "dragging someone in a car and then running over that person." Defendant's actions could have resulted in catastrophic injury to Batista. Thus, although defendant's actions caused harm sufficient to sustain an aggravated battery conviction, it threatened much more serious harm. See 730 ILCS 5/5-5-3.2(a)(1) (West 2018) (that the defendant's conduct threatened serious harm is a factor in aggravation). Defendant's sentence was thus not greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense.

¶ 24        We also reject defendant's argument the trial court failed to appropriately consider the impact of defendant's incarceration on his children. The court acknowledged defendant worked and paid child support, albeit "sporadically and when it was convenient" but found defendant "in some respects *** just disingenuous and not believable." The court noted defendant had "been in and out of jail and in and out of DOC" for most of the children's lives, and thus, defendant had not "been available or there for [his] dependents anyway." The court considered the impact of defendant's incarceration on his children and found that factor in mitigation did not apply to defendant. It is not our role to substitute our judgment for the

sentencing court. See *People v. Alexander*, 239 Ill. 2d 205, 214, 940 N.E.2d 1062, 1066 (2010). We do not find an abuse of the court's discretion.

¶ 25 Defendant also argues the trial court failed to appropriately consider in mitigation defendant's willing guilty plea, expressed remorse, and rehabilitative potential. We disagree. In this case, the court considered the evidence presented, the recommendations of counsel, the comments of defendant, and the statutory factors in aggravation and mitigation in reaching its sentencing decision. The court highlighted defendant's criminal history, including the fact he had served multiple terms of imprisonment. The court, who was in the best position to make credibility determinations, believed defendant to be "in some respects *** disingenuous and not believable." Ultimately, the court found the nine-year prison sentence warranted to deter others from committing similar crimes. Based on the evidence before it, we cannot say the trial court abused its discretion in rendering its resentencing decision.

¶ 26                                    III. CONCLUSION

¶ 27 For the reasons stated, we affirm the trial court's judgment.

¶ 28 Affirmed.