2025 IL App (1st) 241143-U

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

SECOND DIVISION
September 23, 2025

No. 1-24-1143

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 23 CR 8231 |
| | ) | |
| TERRANCE MEALS, | ) | Honorable |
| | ) | Charles P. Burns, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE VAN TINE delivered the judgment of the court.
Justices Ellis and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1  *Held*:  We affirm defendant's sentence over his contentions that it is excessive and that the armed habitual criminal statute is unconstitutional.

¶ 2  Following a bench trial, the circuit court found Terrance Meals guilty of being an armed habitual criminal (AHC) (720 ILCS 5/24-1.7(a) (West 2022)) and sentenced him to eight years' imprisonment. On appeal, Meals argues that his sentence is excessive. He also argues that the AHC

statute is unconstitutional under the second amendment to the United States Constitution. U.S. Const., amend. II. For the following reasons, we affirm.

¶ 3                                     I. BACKGROUND

¶ 4     Following a brief foot chase, two Chicago police officers arrested Meals and recovered a firearm. Based on this incident and two prior convictions (aggravated battery and armed robbery), the State charged Meals with one count of AHC (720 ILCS 5/24-1.7(a) (West 2022)), one count of unlawful use of a weapon (720 ILCS 5/24-1) (West 2022)), and two counts of aggravated unlawful use of a weapon (720 ILCS 5/24-1.6) (West 2022)). The State proceeded to trial with the AHC charge only. At Meals's bench trial, the parties stipulated that his prior offenses of aggravated battery and armed robbery qualified as predicate offenses under the AHC statute. See 720 ILCS 5/24-1.7(a)(1) (West 2022). The circuit court found Meals guilty of being an AHC.

¶ 5     At sentencing, the court noted that Meals had family in court. He had worked part time for a construction company and as an Uber driver prior to his arrest. He grew up without a father and his mother suffered from mental illness. Meals was in a long-term relationship with his partner, in good health, and stated he did not use drugs or alcohol. However, the court also noted that Meals had a substantial criminal background, including drug offenses and aggravated batteries. He had an armed robbery conviction from 1995 and a burglary from 1991. The court counted nine felony convictions. The court sentenced Meals to eight years in prison.

¶ 6     After the court sentenced Meals, he orally moved to reconsider the sentence but did not present any specific arguments as to why the court should reconsider. The State objected to the lack of a written motion. In response to the oral motion, the court stated it was concerned about Meals's extensive criminal history, but did consider all the mitigating factors, including that he

had not had a felony conviction in "several years." The court noted its sentence was at the low end of the statutory guidelines and denied the motion.

¶ 7    Meals appeals.

¶ 8                              II. ANALYSIS

¶ 9    On appeal, Meals argues that (1) his sentence is excessive given his demonstrated rehabilitative potential and commitment to his career, family, and community; and (2) the AHC statute is unconstitutional both on its face and as applied to him.

¶ 10                             A. The Sentence

¶ 11    Meals argues that his eight-year sentence is excessive because it does not reflect adequate consideration of the statutory mitigating factors.

¶ 12    The circuit court has broad discretionary powers in imposing a sentence, and we afford it great deference. *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). The circuit court is in a better position to weigh factors such as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. *Id.* at 213. Therefore, we will not substitute our judgment for that of the circuit court. *Id.* We will disturb the sentence if it varies greatly with the purpose and spirit of the law or is manifestly disproportionate to the nature of the offense. *People v. Guerrero*, 2020 IL App (1st) 172156, ¶ 52. A sentence within the permitted statutory range is presumably proper. *Id.*

¶ 13    Additionally, we will find error where the sentence "does not reflect an adequate consideration" of mitigating factors. *People v. Woodson*, 2024 IL App (1st) 221172, ¶ 89. However, where a court has considered the relevant mitigating factors, we may not substitute our judgment merely because we may have weighed them differently. *People v. Clark*, 2024 IL 127838, ¶ 76. We also presume that the court properly considered all evidence of mitigating factors

and the defendant's rehabilitative potential, unless the defendant affirmatively shows the contrary. *People v. Hussain*, 2024 IL App (1st) 230471, ¶ 44. The existence of mitigating evidence does not require a minimum sentence. *Id.* ¶ 47. The circuit court need not explicitly analyze each relevant factor to articulate the basis for the sentence; when mitigating evidence is presented, we presume that the court considered that evidence in imposing the sentence. *People v. Ramos*, 353 Ill. App. 3d 133, 137 (2004).

¶ 14    Here, the circuit court sentenced Meals to eight years' imprisonment, which is at the low end of the statutory range of six to 30 years for class X felonies, such as an AHC conviction. See 730 ILCS 5/5-4.5-25(a) (West 2022).

¶ 15    As a threshold matter, the State argues that Meals forfeited his challenge to his sentence by failing to raise it in a contemporaneous objection and written motion. Meals does not rebut this contention but does request plain error review, for the first time, in his reply brief. Under the principles of *People v. Williams*, 193 Ill. 2d 306, 348 (2000), which held that a defendant need not request plain error review in his opening brief but may do so in his reply brief, we grant Meals's request.

¶ 16    The plain error doctrine allows a reviewing court to consider unpreserved claims of error where (1) "a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error" or (2) "a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Belknap*, 2014 IL 117094, ¶ 48; see Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967). The first step of plain error review is determining whether an error occurred at all. *People v. West*, 2017 IL App (1st) 143632, ¶ 11.

¶ 17    Meals contends that the court failed to consider relevant mitigating factors, but a review of the report of proceedings demonstrates this argument is without merit. In his brief, he points out that he was born to a largely absent father and mentally disabled mother. The court explicitly considered this during sentencing. He also states that he has built a productive life and shares a son with his long-term girlfriend. Again, the court explicitly noted this during sentencing while observing that he had family in court that day. Meals further states that he was employed prior to his arrest; again, the court explicitly noted his prior employment in construction and as an Uber driver. The court took into account that Meals did not use drugs or alcohol. In short, every allegation that the court did not consider a relevant mitigating factor is explicitly rebutted by the report of proceedings.

¶ 18    Although Meals claims that the court did not consider all relevant factors, his argument is really that the court did not weigh them properly. Essentially, he has asked us to afford more weight to the mitigating factors, reweigh them, and reduce his sentence. But this is something we may not do. See *Clark*, 2024 IL 127838, ¶ 76 (the reviewing court "must not substitute its judgment for that of the trial court merely because it would have weighed the factors differently.").

¶ 19    Accordingly, we find that defendant has not established any error, much less plain error, with respect to his sentencing challenge, and we affirm the circuit court's sentence.

¶ 20                      B. The Constitutionality of the AHC Statute

¶ 21    Meals argues that the AHC statute (720 ILCS 5/24-1.7(a) (West 2022)) is unconstitutional because it violates the second amendment to the United States Constitution (U.S. Const., amend. II). He argues that the AHC statute is unconstitutional both on its face and as applied to him. Specifically, as to the facial challenge, Meals contends that felons are presumptively protected by the second amendment, and that the State cannot show historical analogues permitting the

disarmament of felons. As to his as-applied challenge, he argues that even if felons may lawfully be prohibited from carrying firearms, he is now a law-abiding citizen who has lived peacefully for about a decade.

¶ 22    As explained above, the AHC statute provides that a person commits the offense of being an armed habitual criminal if he possesses a firearm after having been convicted of two qualifying offenses. 720 ILCS 5/24-1.7(a) (West 2022). Meals's prior offenses of aggravated battery and armed robbery indisputably qualify as predicate offenses under the statute. See 720 ILCS 5/24-1.7(a)(1) (West 2022).

¶ 23    According to Meals, the AHC statute conflicts with the second amendment to the United States Constitution, which provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II.

¶ 24    We review challenges to the constitutionality of a statute *de novo*. *People v. Madrigal*, 241 Ill. 2d 463, 466 (2011). *De novo* review means we engage in the same analysis as the trial court. *Xuedong Pan v. King*, 2022 IL App (1st) 211482, ¶ 16.

¶ 25    As to Meals's facial challenge, we have repeatedly and uniformly rejected the contention that the AHC statute violates the second amendment. See, *e.g.*, *People v. Rich*, 2025 IL App (1st) 230818, ¶ 66 (rejecting facial and as-applied challenge to AHC statute); *People v. Gray*, 2025 IL App (1st) 191086-B, ¶ 20 (same); *People v. Macias*, 2025 IL App (1st) 230678, ¶ 36 (rejecting facial challenge to AHC statute); *People v. Kelley*, 2024 IL App (1st) 230569, ¶¶ 16-22 (same); *People v. Travis*, 2024 IL App (3d) 230113, ¶ 33 (rejecting facial and as-applied challenge to AHC statute). Given our extensive jurisprudence on this issue, we need not reassess the facial constitutionality of the AHC statute.

¶ 26    We turn to Meals's as-applied challenge. The crux of Meals's argument is that even if the State may abrogate felons' second amendment rights, his felonies are remote, and he has lived as a peaceful, law-abiding citizen for the past decade. Accordingly, the weight of those felonies should be low. In further support of being a law-abiding citizen, Meals argues that he provides for his family.

¶ 27    A party raising an as-applied challenge to a statute must demonstrate that the statute violates the constitution "as it applies to the facts and circumstances of the challenging party." *People v. Thompson*, 2015 IL 118151, ¶ 36. Meals's reference to being a law-abiding citizen stems from the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 597 U.S. 1 (2022). That case held that law-abiding citizens may not be deprived of their second amendment rights absent an inquiry into the text and historical understanding of the second amendment. *Id.* at 17.

¶ 28    First, we note that, while Meals may have avoided a conviction for about 10 years, he was out of prison for only four years when he was arrested and charged with being an AHC. Additionally, the record indicates that he had been convicted of nine felonies prior to his AHC conviction, including violent felonies such as aggravated battery and armed robbery. We cannot find that a person who has had no fewer than nine felony convictions prior to his AHC conviction is a law-abiding citizen, especially in light of the fact he was only out of prison for four years before his tenth felony conviction (the AHC conviction at issue here). Even assuming, *arguendo*, that a person can regain law-abiding status after some period of time, four years is too short to confer such a status to Meals, given the number and severity of his prior felonies.

¶ 29    Second, Meals claims that he provides for his family. However, nothing in the record substantiates this claim. Rather, during trial, he was unable to answer the simple question of *how* he earns his income that allegedly provides for his family:

"The Court: Do you have accounts? Bank account or checking account?

Meals:    No.

The Court: You don't have a cash app?

Meals:    No.

The Court: How do you support yourself?

Meals:    I'm (inaudible).

The Court: I'm sorry?

Meals:    I'm unemployed, unemployed.

The Court: Sir, how do you support yourself?

Meals:    I'm unemployed."

We are unclear how Meals provides for his family when he is unemployed and does not have a bank account or checking account. Moreover, we do not see the connection between him being able to provide for his family and being a law-abiding citizen. Just because a person can provide for family does not automatically make him a law-abiding citizen.

¶ 30    Even if we were to consider Meals a law-abiding citizen (which we do not), there is still a well-established historical tradition of regulating felons' firearm possession. See, *e.g.*, *United States v. Emerson*, 270 F.3d 203, 226 n.21 (5th Cir. 2001) (listing scholarly literature on historical firearm regulation indicating a long-standing tradition of prohibiting felons from possessing arms); *United States v. Dixon*, No. 22 CR 140, 2023 WL 2664076, at *4-5 (N.D. Ill. Mar. 28, 2023) (discussing historical precedent for prohibiting felons from possessing firearms); *United*

*States v. Rowson*, 652 F. Supp. 3d 436, 460-62 (S.D.N.Y. 2023) (noting that post-*Bruen* federal court decisions have uniformly upheld the constitutionality of the federal statute that bans felons from possessing firearms "based on the statute's historical antecedents").

¶ 31 Finally, we note that our courts have uniformly and repeatedly rejected as-applied challenges to the AHC statute, even in cases of nonviolent felons (which Meals is not). See, *e.g.*, *Rich*, 2025 IL App (1st) 230818, ¶ 66 (rejecting facial and as-applied challenge to AHC statute); *People v. Daniels*, 2025 IL App (1st) 230823, ¶¶ 36, 39 (rejecting challenge to "AHC statute as applied to individuals with prior nonviolent gun possession convictions"); *Gray*, 2025 IL App (1st) 191086-B, ¶ 23 (rejecting as-applied challenge to AHC statute); *Travis*, 2024 IL App (3d) 230113, ¶ 37 (rejecting as-applied and facial challenge to AHC statute); *People v. Brooks*, 2023 IL App (1st) 200435, ¶ 100 (rejecting as-applied challenge to AHC statute). We see no reason to depart from these well-reasoned decisions, and, accordingly, decline to do so.

¶ 32 Based on the foregoing, we hold that the AHC statute is constitutional both on its face and as applied to Meals.

¶ 33                                III. CONCLUSION

¶ 34 For these reasons, we affirm the judgment of the circuit court of Cook County.

¶ 35 Affirmed.