2023 IL App (1st) 220108-U

No. 1-22-0108

Order filed February 22, 2023

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 14 CR 5352 |
| | ) | |
| IDEARY MOONEY, | ) | Honorable |
| | ) | William G. Gamboney, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE McBRIDE delivered the judgment of the court.
Justices Reyes and Burke concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court did not abuse its discretion in resentencing defendant to 34 years in prison for attempted first degree murder, which was within the statutory range for the offense.

¶ 2    Defendant Ideary Mooney appeals from a resentencing hearing where the trial court imposed a 34-year prison sentence for attempted first degree murder. On appeal, defendant contends his sentence is excessive. For the following reasons, we affirm.

¶ 4　Following a jury trial, defendant was found guilty of attempted first degree murder (720 ILCS 5/9-1(a)(1) (West 2014)) and aggravated battery with a firearm (720 ILCS 5/12-3.05(e)(1) (West Supp. 2013)) of the victim Ladale Carmel.[1] At defendant's initial sentencing hearing, the court merged the aggravated battery with a firearm count into the attempted first degree murder count and sentenced him to 10 years in prison for attempted first degree murder plus 25 years as a firearm enhancement, for a total of 35 years in prison.

¶ 5　The evidence at trial established that defendant got into an argument with an individual during a birthday party at a barbershop in February 2014. Carmel intervened to help break up the argument. Defendant left the party and returned with a firearm shortly thereafter. He chased Carmel and struck him in head until Carmel fell to the ground. Defendant then stood over Carmel, who begged for his life, and defendant shot him a total of six times—once in his stomach, once in each knee, once in his thigh, and twice in his pelvis.

¶ 6　Defendant appealed, and we affirmed defendant's conviction but vacated his sentence and prior void firearm convictions and remanded for resentencing. *People v. Mooney*, 2020 IL App (1st) 181824-U, ¶ 54. We found that, in imposing sentence, the trial court explicitly referenced defendant's two prior firearm-related convictions (10 CR 1559601 and 09 CR 1033201), which we vacated as invalid for being predicated on an offense under a statute subsequently declared unconstitutional pursuant to *People v. Aguilar*, 2013 IL 112116. Because it was reasonable to conclude that defendant's sentence may have been different had the trial court known defendant's

---

[1] Following a simultaneous bench trial, defendant was also found guilty of being an armed habitual criminal. The trial court subsequently changed the judgment to a finding of not guilty.

two prior firearm-related convictions were invalid, we vacated defendant's sentence and remanded for resentencing.

¶ 7    On remand, the trial court appointed counsel and held a resentencing hearing. The State moved to strike from the presentence investigation (PSI) report defendant's prior convictions for felony possession of a firearm (10 CR 1559601) and aggravated unlawful use of a firearm (09 CR 1033201), which this court had vacated. The State added that defendant had a 2004 conviction for unlawful use of a weapon by a felon (UUWF) (04 CR 1198801), for which he was sentenced to five years in prison, that was not reflected on the PSI. The State noted that it had subpoenaed information as to defendant's behavior while incarcerated, tendered that information to defense counsel, and was not presenting anything further in aggravation based on that information.

¶ 8    In mitigation, defense counsel argued defendant had no prior violent criminal history, had been caring for his sick mother prior to his incarceration, and had two adult children. Counsel argued defendant had not gotten into further trouble while incarcerated and mentioned letters from defendant's mother and sister that were presented at his initial sentencing hearing. The court interjected that it presided over defendant's trial and had reviewed the sentencing exhibits contained in the court file, including the letters on his behalf and "some sort of reflection on a service for Otha Mooney." The court further acknowledged that it had various certificates that defendant had earned while in prison, including a certificate of completion for mindfulness for beginners training and a certificate of participation in a 12-week chess program and chess tournament.

¶ 9    Counsel further argued that defendant should receive the minimum sentence of 31 years in prison given that two of his prior firearm-related convictions, which the court had considered in imposing the original 34-year sentence, had been vacated on direct appeal.

¶ 10    Defendant spoke in allocution, stating he received over 15 certificates since being incarcerated and had "stayed out of trouble, got in school, gained work." He stated he was "trying" and would "keep on trying."

¶ 11    Defendant's PSI reflected that, in addition to the 2004 UUWF conviction the State moved to add, defendant had prior convictions for resisting/obstruction from 2008 for which he received a 2-day sentence; 3 possession of a controlled substance convictions from 2001, 1996, and 1994 for which he received sentences of 30 months, 2 years, and 1 year, respectively; manufacture/delivery of a cannabis from 2000 for which he received a sentence of 2 years; and receiving/possessing/selling a stolen vehicle from 1993 for which he was sentenced to probation and 6 months in jail after violating that probation. He also had a juvenile adjudication for manufacture/delivery of a controlled substance from 1992 and a misdemeanor battery conviction from 1999.

¶ 12    In imposing sentence, the court acknowledged defendant's statement in allocution but noted he had "never expressed an ounce of remorse." The court went on to express that, "it was a blood-ladened barbershop after he went in there and attacked this guy and shot him multiple times. It was a bloodbath in there." The court noted that "even with not considering the two most recent gun cases, there's still another gun case in his background from '04, where he got five years in prison." The court further noted that defendant had been incarcerated on five prior occasions and had a juvenile adjudication from 1991, showing he had been "dealing with the criminal justice

system for quite some time." The court observed that the minimum sentence was 31 years in prison. It concluded, "To be quite frank, I thought I gave him a very generous sentence given the facts of the case and his background. I'll knock off one year." The court sentenced defendant to 34 years in prison and awarded 2867 days in sentencing credit as time actually served. The court subsequently denied defendant's motion to reconsider his sentence.

¶ 13    On appeal, defendant argues that the court essentially imposed a *de facto* life sentence which would not restore him to useful citizenship, and that the sentence was excessive in light of his "actual rehabilitation," rehabilitative potential, family support, prospective job opportunity, and lack of a violent felony background. He asks this court to exercise the discretion granted to it under Illinois Supreme Court Rule 615(b)(4) (eff. Jan. 1, 1967), which provides that a reviewing court may "reduce the punishment imposed by the trial court," to reduce his sentence to the 31-year statutory minimum.

¶ 14    The Illinois Constitution provides that penalties are to be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship. Ill. Const. 1970, art. I, § 11; *People v. Perruquet*, 68 Ill. 2d 149, 154-55 (1977). "This constitutional mandate calls for balancing the retributive and rehabilitative purposes of punishment, and the process requires careful consideration of all factors in aggravation and mitigation." *People v. McKinley*, 2020 IL App (1st) 191907, ¶ 72. "In determining an appropriate sentence, the circuit court considers such factors as 'a defendant's history, character, and rehabilitative potential, along with the seriousness of the offense, the need to protect society, and the need for deterrence and punishment.' " *People v. Kindle*, 2021 IL App (1st) 190484, ¶ 66 (quoting *People v. Hernandez*, 319 Ill. App. 3d 520, 529 (2001)).

¶ 15    A trial court has "broad discretionary powers in imposing a sentence, and its sentencing decisions are entitled to great deference." *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). We must give "substantial deference" to the trial court's sentencing decision "because the trial judge, having observed the defendant and the proceedings, is in a much better position to consider factors such as the defendant's credibility, demeanor, moral character, mentality, environment, habits, and age." *People v. Snyder*, 2011 IL 111382, ¶ 36.

¶ 16    We will not disturb the trial court's sentencing decision absent an abuse of discretion. *Id.* A sentence which falls within the statutory range is not an abuse of discretion unless it is manifestly disproportionate to the nature of the offense or " 'greatly at variance with the spirit and purpose of the law.' " *People v. Bruce*, 2022 IL App (1st) 210811, ¶ 24 (quoting *People v. Stacey*, 193 Ill. 2d 203, 210 (2000)). A sentence is excessive where it is within the statutory range but without regard for a particular defendant's rehabilitative potential. *McKinley*, 2020 IL App (1st) 191907, ¶ 71. "[I]t is presumed that the trial court properly considered all mitigating factors and rehabilitative potential before it, and the burden is on defendant to affirmatively show the contrary." *People v. Johnson*, 2020 IL App (1st) 162332, ¶ 96. We do not substitute our judgment for that of the trial court simply because we would have balanced the appropriate sentencing factors differently *Alexander*, 239 Ill. 2d at 213.

¶ 17    Defendant does not dispute that his sentence was within the statutory range. He was convicted of attempted first degree murder; a Class X felony subject to a sentencing range of 6 to 30 years in prison. 720 ILCS 5/8-4(c)(1) (West 2022); 730 ILCS 5/5-4.5-25(1) (West 2022). He was additionally subject to a mandatory 25 years or up to natural life firearm enhancement for personally discharging a firearm that proximately caused great bodily harm. 720 ILCS 5/8-

4(c)(1)(D) (West 2022). Therefore, the minimum sentence for which defendant was eligible was 31 years in prison and the maximum was natural life. Here, the court imposed a 34-year sentence, which is within the statutory range and therefore presumed proper. *People v. Wilson*, 2016 IL App (1st) 141063, ¶ 12.

¶ 18    Nevertheless, defendant argues the 34-year sentence undermines the constitutional mandate of imposing a sentence with the goal of restoring him to useful citizenship and was not reflective of relevant mitigating considerations, including his nonviolent felony background, strong familial support, prospective job opportunity, rehabilitative potential, and actual rehabilitation he had undergone since his last sentencing hearing. He contends the certificates he earned while incarcerated demonstrate his actual rehabilitation and rehabilitative potential, as does the State's failure to present additional evidence in aggravation based on his incarceration record.

¶ 19    Despite defendant's contentions to the contrary, we find that the sentence imposed was in keeping with the spirit and purpose of the law, and find nothing in the record on appeal to rebut the presumption that the trial court properly considered all relevant mitigating factors presented, including defendant's actual rehabilitation and rehabilitative potential.

¶ 20    The court's pronouncement shows it relied on the seriousness of the offense, defendant's lack of remorse, and his extensive criminal history dating back to 1991 to impose the sentence. However, the record also shows the trial court heard defense counsel's arguments in mitigation and considered the mitigating evidence, referencing the letters submitted on defendant's behalf and the certificates he had earned while incarcerated. The court acknowledged defendant's statement in allocution and the vacatur of two of his prior firearm-related convictions. It informed counsel it reviewed the court file, which contained exhibits from his prior sentencing hearing, and

referenced defendant's PSI. Where, as here, mitigating evidence is presented to the trial court, we presume, absent some indication to the contrary, other than the sentence itself, that the court considered it. *People v. Sauseda*, 2016 IL App (1st) 140134, ¶ 19. There is no such indication here and, in fact, the court specifically indicated it considered the mitigating evidence.

¶ 21    Defendant merely disagrees with the weight the trial court accorded to the relevant sentencing factors and asks this court to substitute our judgment for that of the trial court. This we cannot do. *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). Moreover, the existence of mitigating evidence did not require the trial court to impose the statutory minimum sentence. *People v. Harmon,* 2015 IL App (1st) 122345, ¶ 123. Although defendant earned numerous certificates while incarcerated and had "stayed out of trouble," which he argues is reflective of not only rehabilitative potential but actual rehabilitation, rehabilitation is not entitled to greater weight than the seriousness of the offense. *Alexander*, 239 Ill. 2d at 214. The trial court considered the mitigation evidence and found it did not overcome the evidence presented in aggravation. This included the seriousness of the offense, which the court stated was "a blood-ladened barbershop after [defendant] went in there and attacked this guy and shot him multiple times" and for which defendant "has never expressed an ounce of remorse." The court was not required to give greater wight to evidence of defendant's rehabilitation than to this evidence.

¶ 22    We are not persuaded by defendant's contention that, because he will be 67 years old at his earliest eligibility for release, his sentence amounts to "essentially" to a "*de facto* life term" which he contends undermines the goal of restoring him to useful citizenship.[2] He claims that had the

---

[2] A prisoner serving a sentence for attempted murder must serve 85% of his sentence. 730 ILCS 5/3-6-3(a)(2)(ii) (West 2022). Defendant was 38 years old when he committed the offense. Thus, as his 34-year sentence served at 85% would be 28.9 years, he would be 67 years old at his earliest eligible release date.

court instead imposed the minimum 31-year sentence, he would be eligible for release at age 64, an age at which he would have a chance to be a productive member of society and unlikely to commit another offense.

¶ 23    As defendant correctly points out, a sentence must reflect the objective of restoring the offender to useful citizenship. *People v. Jones*, 2015 IL App (1st) 142597, ¶ 38. But, the most important factor in sentencing is the seriousness of the offense (*Harmon*, 2015 IL App (1st) 122345, ¶ 123), which, here, the court characterized as a "bloodbath" after defendant stood over the victim and shot him six times as the victim begged for his life. The trial court noted that defendant had never shown remorse of the offense. Given the particular circumstances of this case, we cannot say that defendant's sentence, which is three years above the minimum, is manifestly disproportionate to the nature of the offense or greatly at variance with the spirit and purpose of the law. *Jackson,* 375 Ill. App. 3d at 800. Therefore, the trial court's imposition of a 34-year prison sentence upon defendant was neither excessive nor an abuse of discretion.

¶ 24    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 25    Affirmed.