NOTICE
Decision filed 10/27/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 230185-U

NO. 5-23-0185

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 17-CF-598 |
| | ) | |
| WILLIE J. BRIFFORD, | ) | Honorable |
| | ) | Roger B. Webber, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Presiding Justice Boie and Justice Welch concurred in the judgment.

**ORDER**

¶ 1    *Held*: Following a prior remand, defense counsel and the circuit court complied with Rule 604(d). The court properly denied defendant's motion to reconsider the sentence where he had five prior felony convictions, and a prior probation was terminated unsuccessfully. As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Willie J. Brifford, appeals the circuit court's order denying his motion to reconsider his sentence. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that the court erred in doing so. Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum. See *Anders v. California*, 386 U.S. 738 (1967). OSAD has notified defendant of its motion, and this court has provided him with ample opportunity to respond, but

1

he has not done so. After considering the record on appeal and OSAD's motion and supporting brief, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                    BACKGROUND

¶ 4        In 2017, defendant entered an open guilty plea to one count of possession of less than five grams of methamphetamine. The court admonished him of the rights he was forgoing by pleading guilty, the elements of the offense, and the sentencing options which, due to his prior convictions, included an extended-term sentence of up to 10 years' imprisonment. Defendant stated that he understood. The State provided a factual basis, and the court accepted the plea and set the matter for sentencing.

¶ 5        The presentence investigation report showed that defendant had a felony conviction for possession of a controlled substance in 2005. He was sentenced to probation which was unsuccessfully discharged. He was convicted of burglary and possession of a stolen vehicle in 2006 and received concurrent four-year prison sentences. In 2009, he was convicted of obstructing justice and sentenced to 42 months in prison. In 2012, he was convicted of felony theft and sentenced to three years in prison.

¶ 6        Defense counsel argued that defendant's prior convictions did not involve violence, and he had had law-abiding periods between convictions. Moreover, he suffered from a cognitive disability that likely fueled his dependence on "pharmaceuticals."

¶ 7        The court sentenced defendant to five years' imprisonment. It noted defendant's criminal history but recognized that there were gaps between convictions during which defendant apparently led a law-abiding life, and that none of the convictions involved violence. The court noted that defendant's alleged disability was not documented.

2

¶ 8    The court granted defendant a furlough, ordering him to turn himself in on August 14, 2017. He failed to do so, and the court issued a warrant for his arrest. Defense counsel filed a timely motion to reconsider the sentence.

¶ 9    In 2022, defendant was arrested on the warrant. The court conducted a hearing on defendant's motion, which had been held in abeyance, and denied it.

¶ 10    Defendant appealed. The parties agreed that the cause should be remanded because defense counsel did not file a certificate under Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). We vacated the trial court's order denying defendant's motion to reconsider his sentence and remanded for (1) the filing of a Rule 604(d) certificate, (2) the filing of a new postplea motion, if he so desired or if counsel concluded that a new motion was necessary, and (3) a hearing on any new motion. *People v. Brifford*, No. 5-22-0118, ¶ 4 (2022) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 11    Following remand, counsel filed a Rule 604(d) certificate. She did not file a new motion, explaining that, after consulting with defendant, they concluded that none was necessary. The court again denied the motion and defendant appeals.

¶ 12                                    ANALYSIS

¶ 13    OSAD concludes that the only issues defendant could raise are (1) whether counsel and the court complied with Rule 604(d) and our mandate following remand and (2) whether the court erred in denying the motion to reconsider. OSAD concludes that neither issue has even arguable merit. We agree.

¶ 14    Illinois Supreme Court Rule 604(d) requires, as a prerequisite to appeal from a judgment entered upon a plea of guilty, that counsel appointed to represent the defendant on his postplea motion shall

3

"file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

Here, counsel, after remand, filed a certificate that tracked the rule's language. Thus, counsel presumptively complied with the rule.

¶ 15    Our mandate following the first appeal directed counsel to file a new motion if either defendant or counsel deemed it appropriate and for the court to conduct a new hearing. Counsel explained that she had consulted with defendant and decided that no new motion was necessary. The court conducted a new hearing before denying the motion. Thus, the court and counsel complied with our mandate.

¶ 16    OSAD next concludes that the court did not err in denying the motion. The trial court has broad discretion in imposing a sentence; we give great deference to its sentencing decisions. *People v. Alexander*, 239 Ill. 2d 205, 212-13 (2010). We do so because " 'the trial judge, having observed the defendant and the proceedings, has a far better opportunity to consider these factors than the reviewing court, which must rely on the "cold" record.' " *Id.* (quoting *People v. Fern*, 189 Ill. 2d 48, 53 (1999)). Thus, we will not substitute our judgment for that of the trial court merely because we would have weighed the relevant factors differently. *Id.*

¶ 17    Here, the court considered factors in aggravation and mitigation in imposing the sentence. The court considered defendant's relatively lengthy criminal history and prior unsuccessful

4

probation and noted the need for deterrence. The court also stated its concern with inconsistencies in information defendant reported to the probation department. It did consider in mitigation that defendant had no history of violence and that there had been law-abiding periods between his prior offenses. There appear to be no significant mitigating factors that the court ignored or unreasonably discounted. Thus, as the original sentence was not an abuse of discretion, the court did not err in denying the motion to reconsider.

¶ 18                                    CONCLUSION

¶ 19    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 20    Motion granted; judgment affirmed.